MAMMOTH LIFE & ACCIDENT INSURANCE CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6892, 10902. Promulgated April 15, 1927.

An insurance company claiming deductions under the Revenue Act of 1918, in addition to "reserves required by law," must show the amounts so claimed are in fact required for the protection of policyholders.

*Attilla Cox, Esq.,* for the petitioner.
*John D. Foley, Esq.,* for the respondent.

These proceedings have been consolidated by agreement. They involve deficiencies in income and profit taxes for the years 1919 and 1920 in the amounts of $2,120.20 and $5,873.51, respectively.

### FINDINGS OF FACT.

The petitioner is a Kentucky corporation with its principal office in Louisville. It was organized in 1915. Its business is the issuing of policies, covering life, health, and accident insurance, combined in one policy, on the weekly premium payment plan. The number of policies it had outstanding on December 31, 1918, December 31, 1919, and December 31, 1920, the amount of risk, and the amount charged to what is shown on petitioner's books as "Surplus Unassigned Funds," are as follows:

|  | Policies. | Amount of risk. | Surplus unassigned funds. |
|---|---|---|---|
| December 31, 1918 | 18,324 | $916,200.00 | $32,620.76 |
| December 31, 1919 | 24,343 | 1,217,150.00 | 48,831.44 |
| December 31, 1920 | 29,372 | 1,468,600.00 | 78,892.65 |

The petitioner set up on its books no reserves as that term is known to the insurance world. The difference between the receipts and the operating expenses and losses was carried on its books under the heading "Surplus Unassigned Funds." This net surplus for the year 1919, was $16,210.68, and for the year 1920, $30,061.21. The Commissioner allowed the petitioner as deductions in each year, an amount equal to 2 per cent of its receipts from admission fees and dues, that amount being required as a reserve by the act under which the petitioner was organized (section 662 of the Kentucky Statutes). This allowance is not in controversy. The petitioner claims the right to deduct the additional amounts of $16,210.68 for the year 1919, and $30,061.21 for the year 1920, both of which items appear on its books as "Surplus Unassigned Funds." It is asserted

that these amounts are net additions to a reserve which is required for the protection of its policyholders.

OPINION.

MILLIKEN: Section 234(a)(10) of the Revenue Act of 1918, allows as a deduction in the case of insurance companies, the net annual addition " required by law " to be made to reserve funds. Paragraph (11) of subdivision (a) of the same section permits the following additional deduction:

In the case of corporations issuing policies covering life, health, and accident insurance combined in one policy issued on the weekly premium payment plan continuing for life and not subject to cancellation, in addition to the above, such portion of the net addition (not required by law) made within the taxable year to reserve funds as the Commissioner finds to be required for the protection of the holders of such policies only.

The petitioner created no reserve funds as that term is known in an insurance account, but has thrown the funds claimed as a deductible reserve into what is in fact a profit and loss account. While it is exceedingly doubtful whether the fund claimed as a reserve, is a reserve, as that word is used in the taxing statute (*United States v. Boston Insurance Co.*, 269 U. S. 197), it is not necessary, in this case, to decide that question.

Section 234(a)(11) permits the deduction of only such net additions to reserve funds as " the Commissioner finds to be required for the protection of the holders of such policies only." While the Board has jurisdiction to determine what net additions (not required by law) are required for the protection of policyholders, compare *Appeal of Oesterlein Machine Co.*, 1 B. T. A. 159, nevertheless the burden rests on the petitioner to show that the net additions claimed as deductions are required for the protection of its policyholders. The only evidence adduced on this question, is a reference to certain Kentucky statutes enacted after the organization of petitioner, and which do not affect it, and the testimony of one witness, its president. The later statutes require a larger reserve than is required of the petitioner by the law which controls it.

Whatever may be the provisions of other and later statutes of Kentucky, it appears that the Commissioner has allowed, as a deduction, all that is required as a reserve in the case of the petitioner by the laws of Kentucky. What additional reserves are required for the protection of policyholders is a purely actuarial question and little if any help is derived from the provisions of other statutes. It is a question to be resolved by the Commissioner in the first instance, and then by the Board on appeal on the facts presented.

The only evidence before the Board on this question, is the testimony of the petitioner's president. He testified as follows:

Q. Well, if I understand you, Mr. Hall, when you used the expression in your direct-examination " set aside a reserve " you didn't mean that any change had been made on the books, nor that any entries segregating a special fund had been made: is that so?

A. Yes, sir.

Q. And that special fund is composed of the net earnings of your corporation from year to year?

A. Yes, sir.

Q. And you have no actuarial knowledge, statistical basis knowledge or data to advance as the basis of setting up a reserve?

A. Not any.

Q. And hence you have no information as to what reserve would be necessary?

A. Not from an actuarial stand.

Certain it is that we can not determine as a general proposition in this case, that the entire net earnings for each year in question, were required to be set aside as a reserve, in addition to the 2 per cent required by Kentucky law, as a protection for policyholders. We can not be presumed to be more competent as to the basis and amount of the reserve, than the petitioner itself, and it has given us no facts upon which the basis or amount of the reserve could be determined.

*Judgment will be entered for the respondent.*