FEDERAL LIFE INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7691. Promulgated February 12, 1931.

*R. W. Colflesh, Esq.*, for the petitioner.
*John D. Foley, Esq.*, and *J. C. Maddox, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The respondent determined a deficiency of $6,421.56 in petitioner's income and profits tax for 1920. The proceeding was submitted upon the following stipulation:

The petitioner is an Illinois corporation which filed its return for the calendar year 1920 in the First Collection District of Illinois. In computing petitioner's excess profits tax, the respondent excluded from petitioner's invested capital the amount of $4,054,637.99 as it stood on December 31, 1919, which sum was composed of reserve funds required by law as policy reserves to protect the policyholders, within the meaning of section 234(a)(10), Revenue Act of 1918. The respondent allowed $423,452.11 net addition to reserve required by law during 1920.

Although not expressly so stipulated, the arguments on both sides take it as true that the petitioner was a stock and not a mutual corporation. But in either event, the decision must go against respondent. If petitioner was a mutual company, its contention is authoritatively supported by *Duffy* v. *Mutual Benefit Life Insurance Co.*, 272 U. S. 613. If petitioner was a stock life company, the considerations are the same as those in *Atlantic Life Insurance Co.* v. *Moncure*, 35 Fed. (2d) 360, affirmed *per curiam* by the Circuit Court of Appeals, Fourth Circuit, 44 Fed. (2d) 167, and require the same conclusion that petitioner's legal reserves are within its invested capital for 1920 as provided in the Revenue Act of 1918, section 326.

Respondent cites *Home Beneficial Association*, 15 B. T. A. 1319, in which the Board, on April 10, 1929, held that the legal reserves of a Virginia stock life company were not part of its statutory invested capital, distinguishing *Duffy* v. *Mutual Benefit Life Insurance Co., supra.* Upon further consideration in the light of the later opinion in *Atlantic Life Insurance Co.* v. *Moncure, supra*, we find it necessary to modify our views and adopt the reasoning of the learned Court. We hold, therefore, that petitioner's invested capital for 1920 includes the stipulated amount of $4,054,637.99.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*